UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

-v.-

YEISON SALDANA,

                        Defendant.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 12, 2020

15-CR-712 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Yeison Saldana has moved to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant seeks compassionate release, claiming that crowding and unsanitary conditions at the prison in which he is housed place him at a high risk of contracting COVID-19. The Government opposes his motion. Because Defendant is young and suffers from no medical condition that would place him at a heightened risk of serious illness from infection with COVID-19, Defendant's motion is DENIED.

## BACKGROUND

On April 16, 2019, Defendant pleaded guilty to one count of conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). (ECF No. 389.) On September 10, 2019, this Court sentenced Defendant to 40 months' imprisonment, to be followed by three years of supervised release. (ECF Nos. 527, 535.) Defendant is currently serving his sentence at the Metropolitan Correctional Center ("MCC") in New York City.

On April 10, 2020, Defendant requested that the Warden of the MCC (the "Warden") move for compassionate release on his behalf pursuant to 18 U.S.C. § 3582(c)(1)(A). On April 17, 2020, Defendant filed the instant motion. (ECF No. 605.) On April 29, 2020, the Warden

denied Defendant's request for compassionate release. (ECF No. 612.)

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

A court may reduce a defendant's sentence only if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). In making this determination, the court must consider the "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress has delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t)). The Sentencing Commission has determined that a defendant's circumstances meet this standard, *inter alia*, when the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A), (D). Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the determination made by the BOP. *See United States v. Lisi*, No. 15-CR-

457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) (Failla, J.).

In addition, the Sentencing Commission has determined that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

## DISCUSSION

Defendant's motion is properly before the Court because 30 days have elapsed since the date of Defendant's request to the Warden. Defendant claims he should be granted compassionate release because the crowding and unsanitary conditions at the MCC place him at a high risk of contracting COVID-19.

Defendant has not demonstrated the existence of extraordinary and compelling circumstances in his case. Defendant is 29 years old, an age at which he faces a very low risk of hospitalization or death from COVID-19.[1] Defendant states that he does not suffer from any known underlying health condition that would heighten his risk of severe illness or death from COVID-19. Although the Court is alarmed by the conditions that Defendant claims exist at the MCC, the Court finds that the danger Defendant faces from infection with COVID-19 does not amount to an extraordinary and compelling reason for granting compassionate release.

In addition, the factors set forth in 18 U.S.C. § 3553(a) counsel against granting Defendant's motion. Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need "to protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). Defendant provided

---

[1] *See* Dr. Skiha Garg, *et al.*, *Hospitalization Rates and Characteristics of Patients Hospitalized with Laboratory-Confirmed Coronavirus Disease 2019 – COVID-NET, 14 States, March 1 – 30, 2020*, MORBIDITY AND MORTALITY WEEKLY REPORT (Apr. 17, 2020); *Weekly Updates by Select Demographic and Geographic Characteristics*, CENTER FOR DISEASE CONTROL, https://www.cdc.gov/nchs/nvss/vsrr/covid_weekly/index.htm#AgeAndSex (accessed May 5, 2020).

Gabriel Guillen's drug trafficking organization with "emergency" supplies of heroin and cocaine to prevent the organization from running out of narcotics and losing customers.  Defendant engaged in this conduct while he was on supervised release for a prior federal narcotics offense.  (ECF No. 535 at 16–17.)  The BOP considers Defendant to present a "medium" risk of recidivism.  (ECF No. 612.)  Thus, the Court finds that the § 3553(a) factors weigh against granting Defendant's motion.

Finally, the Court cannot grant Defendant's request that it order the BOP to place Defendant on home confinement or move him to a community correctional facility.  The authority to place a defendant on home confinement or to move a defendant to a community correctional facility is vested solely with the BOP, and the BOP's exercise of that authority is not subject to judicial review.  *See* 18 U.S.C. § 3624(c).

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under § 3582(c)(1)(A) is DENIED.

SO ORDERED.

Dated: New York, New York
May 12, 2020

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge